IN THE DISTRICT COURT OF BRYAN COUNTY
STATE OF OKLAHOMA

NATHAN WHITE,

    Plaintiff,

v.

CASTLE POINT NATIONAL
INSURANCE COMPANY, formerly
known as SUA INSURANCE COMPANY,

    Defendant.

Case No. CJ-2011-43

FILED
BRYAN COUNTY, OKLAHOMA
DISTRICT COURT CLERK

MAR 04 2011

SANDY STROUD
COURT CLERK
BY_____ Deputy

### PETITION

COMES NOW the Plaintiff Nathan White (hereinafter, "Plaintiff"), and for his causes of action against Defendant Castle Point National Insurance Company, formerly known as SUA Insurance Company, and respectfully advises the Court as follows:

1. Plaintiff Nathan White is a resident of the State of Oklahoma.

2. Defendant Castle Point National Insurance Company, formerly known as SUA Insurance Company (hereinafter "SUA Insurance Company"), is incorporated under the laws of the State of Illinois and licensed to do business in the State of Oklahoma.

3. This litigation arises from an automobile accident that occurred in Val Verde County, Texas on July 21, 2010.

4. Plaintiff entered into a contract with SUA Insurance Company in Oklahoma.

### COUNT I - BREACH OF CONTRACT

5. Plaintiff hereby adopts and realleges each of the facts and allegations set forth above.

6. On July 21, 2010, a driver of a vehicle struck the motorcycle which Plaintiff was driving. Plaintiff was not at fault for the accident.



7.  The driver of the vehicle that hit Plaintiff was underinsured.

8.  As a result of the negligence of the underinsured motorist, Plaintiff suffered serious, disabling and permanent personal injury and damages.

9.  Prior to the accident, Plaintiff had purchased an uninsured/underinsured motorist (UIM) policy with SUA Insurance Company from Carpenter's Insurance in Maud, Oklahoma.

10. The policy with SUA Insurance Company provided uninsured/underinsured motorists insurance coverage ("UIM") of $50,000.00 for three separate vehicles. Plaintiff paid three separate premiums under the policy for the UIM coverage. The policy was a primary policy and was in force in effect on the date of the accident.

11. The tortfeasor's policy of $100,000.00 has been offered as to Plaintiff, but payment cannot be made due to SUA Insurance Company's failure to waive subrogation.

12. At the time of the accident, Plaintiff was also covered under a UIM policy with State Farm Insurance. The policy limit of $75,000.00 has been paid to Plaintiff and State Farm has waived their subrogation interest in the tortfeasor policy.

13. The value of Plaintiff's claim exceeds the available liability coverage.

14. Plaintiff has made demand upon the Defendant, SUA Insurance Company, to pay him the benefits due under the UIM policy.

15. The Defendant, SUA Insurance Company, has failed and refused to pay any amounts under the UIM policy, thereby breaching the terms of the policy.

16. As a consequence of Defendant's breach, Plaintiff has suffered damage in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT II – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

17. Plaintiff hereby adopts and realleges each of the facts and allegations set forth above.

18. Defendant SUA Insurance Company has a duty to deal fairly and in good faith with their insureds, which includes Plaintiff.

19. In its handling of Plaintiff's claim, SUA Insurance Company breached its duty of good faith and fair dealing owed to Plaintiff.

20. Plaintiff submitted his claim to SUA Insurance Company under the UIM portion of his policy. Within a short period of time of receiving Plaintiff's demand for UIM benefits, SUA Insurance Company knew or should have known that Plaintiff was entitled to such coverage in amount equal to the limits of the UIM policy, $150,000.

21. At all times material herein, the officers, directors, executives, managers, supervisors, agents, adjusters, attorneys, and other representatives of the Defendant were acting within the course and scope of their employment with the Defendant, SUA Insurance Company.

22. The Defendant SUA Insurance Company is responsible for the actions of its employees under the doctrine of *respondeat superior*.

23. SUA Insurance Company has unreasonably failed to deal fairly with their own insured, breaching their duty to deal fairly and in good faith, including, but not limited to one or more of the following particulars:

   a. SUA Insurance Company failed to promptly, fairly, and equitably pay policy benefits due to Plaintiff.

   b. SUA Insurance Company failed to waive subrogation in a timely manner, preventing Plaintiff from receiving payment from the tortfeasor.

c.  SUA Insurance Company failed to promptly investigate Plaintiff's claim.

24.  The action of SUA Insurance Company during the handling of this claim was in violation of its duty of good faith and fair dealing to the Plaintiff.

25.  As a consequence of SUA Insurance Company's acts and conduct, Plaintiff has suffered loss of coverage benefits and consequential damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT III - PUNITIVE DAMAGES

26.  Plaintiff adopts and realleges each of the facts and allegations set forth above.

27.  The acts of Defendant were oppressive, malicious, grossly negligent, willful, wanton and with utter and reckless disregard to the contractual and legal rights of the Plaintiff, entitling him to punitive damages in excess of $75,000.00 so as to punish Defendant and make an example to others.

28.  Plaintiff is entitled to recover punitive damages against the Defendant in order to deter the Defendant, and others similar situated, from future similar conduct, and further, as punishment to Defendant for its wrongful, willful and bad faith conduct.

WHEREFORE, Plaintiff Nathan White, prays that the Court enter judgment against Defendant, Castle Point National Insurance Company, formerly known as SUA Insurance Company in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with costs, interest, reasonable attorneys fees, and other relief which this Court deems just and reasonable.

Respectfully Submitted,

David Burrage, OBA No. 19422

**BURRAGE LAW FIRM**
1201 Westside Drive
P.O. Box 1727
Durant, OK 74702-1727
Telephone: 580-920-0700
Facsimile: 580-920-0702

-and-

P.L. Pat Phelps, OBA NO. 7105
Attorney at Law
325 W. Evergreen
Durant, OK 74701
Telephone: 580-924-1166
Facsimile: 580-924-1551

*Attorneys for Plaintiff*

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**